HARDY, Judge.
This is a case in which plaintiff seeks to recover compensation from his employer and its insurer at the maximum weekly rate for alleged total and permanent disability resulting from an accidental injury sustained while in the course and scope of his employment. After trial there was judgment in favor of plaintiff and against the defendants awarding compensation at the rate of $30 per week during the period of disability, not to exceed 400 weeks, together with interest, costs, etc. From this judgment the defendants have appealed.
Admittedly the only issue presented by this appeal bears upon the extent and duration of plaintiff’s injuries. As a result it is necessary only to very briefly relate the facts in connection with the accident.
Plaintiff was employed as a pipe-loader in connection with the laying of a pipeline in Bienville Parish, Louisiana. On January 17, 1950, while working on his job he was assisting in removing a truck, belonging to his employer, from a ditch and was specifically engaged in attempting to shove a 2x6 timber, some six feet in length, under a pipe-laying machine. An unexpected jerk of the machine caused the timber to strike petitioner in the stomach and hip, knocking him forcefully to the ground and causing the injuries of which complaint is made. Plaintiff was treated by his family physician for a considerable period of time in response to the diagnosis of a sprained back. Failing to properly respond to treatment he was referred to an orthopedic surgeon, Dr. Gene Caldwell, of Shreveport. This doctor determined that plaintiff had sustained a compression fracture of the first lumbar vertebra and he treated plaintiff for this injury at intervals over a period of time from March 24, 1950 to November 27, 1950, during which, according to Dr. Caldwell’s opinion, plaintiff had progressively improved. The last examination made by this doctor was January 26, 1951, on which date he was of *564 the opinion, despite continued complaints of pain, that plaintiff had sufficiently recovered to permit him to return to work. Compensation was paid for fifty-three weeks following the date of the accident and then the payments were discontinued. Plaintiff, contending that he continued to be totally disabled, thereupon instituted this action.
This case involves purely a question of fact and, as usual, particularly in matters involving back injuries, the record is fraught with conflicting testimony on the part of the medical experts.
On behalf of defendants it is urgently contended that plaintiff has failed to sustain his claims by the requisite preponderance of the evidence and, in support of this contention, the testimony of the medical witnesses is analyzed in some detail. The principal attack on plaintiff’s claims of total and permanent disability is directed to the point that X-rays and examinations of plaintiff disclosed that he was suffering from hypertrophic arthritis sufficient in itself to be disabling, at least to some extent, and which affliction was not caused or aggravated by the accidental injury. It is pointed out in this connection that this form of arthritis is more or less common to the great majority of individuals who have attained plaintiff’s age of 57 years and have been engaged in manual labor. Conceding this proposition, we nonetheless observe that the testimony on this point cannot be considered as preponderating in favor of such a conclusion. The doctors could not agree as to the duration of the arthritis nor did they make any attempt to' segregate the existence of the arthritic condition with respect to that which might have (been naturally caused and that which might or could have resulted from the accident.
In support of his claims plaintiff tendered his own testimony and that of his wife with respect to his complete disability since the accident, which testimony is properly entitled to serious consideration in view of the conflict in the medical evidence. The effect of this testimony as indicating plaintiff’s total disability to do any manual labor was not successfully controverted.
The plain fact of the matter is that plaintiff sustained what is known to laymen as a broken back, and we think the evidence clearly preponderates in support of the conclusion that his resulting total disability has endured from the time of the accident on January 17, 1950 through the trial, which was had on May 29,1951. How long this disability might be expected to continue we cannot say for the record does not justify a conclusion on this point. Under these circumstances it is obvious that no period of disability can be fixed and the only responsive judgment to plaintiff’s claims would be the one which was rendered awarding compensation for the period of disability not exceeding 400 weeks.
For the reasons set forth the judgment appealed from is affirmed at appellant’s cost.